**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3032
_____

BEZALEL GROSSBERGER,
                                        Appellant

v.

ROBERT CORMACK

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:24-cv-08182)
District Judge: Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 17, 2026
Before: HARDIMAN, FREEMAN, and SCIRICA,* *Circuit Judges*

(Opinion filed: August 5, 2026)
_____

OPINION**
_____

PER CURIAM

---

* The Honorable Anthony J. Scirica was unavailable to participate in the decision in this
case after submission to the merits panel. This opinion is filed by a quorum of the panel
pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Bezalel Grossberger, proceeding pro se and in forma pauperis, appeals from the United States District Court for the District of New Jersey's ("the District Court's") dismissal of his complaint. We will affirm the judgment of the District Court.

Grossberger, proceeding pro se and in forma pauperis, filed a complaint in the District Court, listing several state and federal claims based on allegations that Defendant, a private attorney, extorted and harassed him for over a decade, seemingly in retaliation for a contested real estate deal. The District Court screened Grossberger's complaint under 28 U.S.C. § 1915(e)(2). The District Court considered Grossberger's claims that Defendant violated various federal statutes and concluded that most of the identified federal statutes were criminal statutes that did not create a private right of action. The District Court dismissed those claims with prejudice. The District Court further concluded that Grossberger did not state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and dismissed that claim without prejudice to amendment within 30 days. Having dismissed all federal claims (including additionally any claim that Grossberger may have been attempting to raise under 42 U.S.C. §1983), the District Court declined to exercise supplemental jurisdiction over Grossberger's state law claims and dismissed them without prejudice.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We review the District Court's dismissal de novo. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d

---

[1] The District Court dismissed portions of the complaint without prejudice, and dismissals without prejudice are ordinarily not considered final under § 1291. *See Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam). As to the state-law

2

Cir. 2000). We review the denial of a motion for reconsideration for abuse of discretion. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999).

As the District Court concluded, Grossberger failed to state a RICO claim under 18 U.S.C. § 1964(c). To state his federal civil RICO claim, Grossberger had to allege a violation of 18 U.S.C. § 1962(c), namely "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (footnote omitted). Here, even a liberal reading of Grossberger's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam), does not suggest that Defendant violated the civil RICO statute. Specifically, he makes no factual allegations which could be construed as a pattern of racketeering activity. A pattern of racketeering activity consists of at least two predicate acts of racketeering activity within ten years of each other. *Tabas v. Tabas*, 47 F.3d 1280, 1289–90 (3d Cir. 1995) (en banc). Grossberger's RICO claim fails at the threshold because the complaint essentially just cites criminal statutes and declares Defendant guilty of violating them, alleging no facts establishing the commission of any predicate act, and, to the extent that Grossberger premises his RICO action on fraud-based predicates, he does not plead them, as he must,

claims dismissed for lack of supplemental jurisdiction, *Borelli* does not apply because Grossberger could not cure that defect by amendment. *See Pa. Family Inst., Inc. v. Black*, 489 F.3d 156, 162 (3d Cir. 2007) (per curium); *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). As to the RICO count, Grossberger elected to stand on his complaint by seeking reconsideration rather than amending in the time permitted for amendment, then appealing the denial of that motion. *Frederico v. Home Depot*, 507 F.3d 188, 192–93 (3d Cir. 2007); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992).

with particularity.[2]  *See Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004)

(abrogated on other grounds by *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007));

*Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d

Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To the extent Grossberger wishes to pursue any claim under 28 U.S.C. § 1983, we

agree with the District Court that it is not actionable because Defendant does not qualify

as a state actor.  *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir.

1999) (for § 1983 purposes, attorneys are not considered state actors solely because they

are officers of the court.).  Grossberger's conclusory allegations of coordination with

state court officers do not change the analysis.  *See Kach*, 589 F.3d at 646 (explaining

that a private party acts under color of state law only where the state "has so far

insinuated itself into a position of interdependence" with the private actor that it must be

treated as a joint participant) (citation and quotation marks omitted).

Having dismissed Grossberger's federal claim (or claims), the District Court did

not abuse its discretion in dismissing Grossberger's state law claims.  *See Borough of

West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (advising that where all

---

[2] In his motion for reconsideration, Grossberger clarified that he did not seek relief
directly from the criminal statutes he cited.  ECF No. 10 at 2.   He explained that he cited
them only to establish the existence of "racketeering activity" in support of his civil
RICO claim.  *Id.*  Furthermore, Grossberger does not pursue these claims on appeal.
Accordingly, we do not consider them.  *See M.S. ex rel. Hall v. Susquehanna Twp. Sch.
Dist.*, 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that parties forfeit any argument
that they do not raise in their opening brief).

4

federal claims are dismissed before trial, a district court should ordinarily decline supplemental jurisdiction over remaining state law claims).

Lastly, the District Court did not abuse its discretion in denying reconsideration, as Grossberger identified no basis for reconsideration. *See Max's Seafood Café*, 176 F.3d at 673.

For these reasons, we will affirm the District Court's judgment.[3]

---

[3] Grossberger's requests for relief on appeal, including his request for a declaratory judgment, are denied.